UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:18-cr-474-T-33TGW

JEREMY WILLIAMS

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Jeremy Williams's pro se Motion for Compassionate Release or Reduction (Doc. # 199), filed on July 14, 2020. The United States of America responded on July 21, 2020. (Doc. # 202). For the reasons that follow, the Motion is denied.

**I.   Background**

After Williams pled guilty to being a felon in possession of a firearm, this Court sentenced him to 130 months' imprisonment. (Doc. # 152). According to the Bureau of Prisons' website, Williams, who is 36 years old, is scheduled to be released from custody in December 2027.

In his Motion, Williams seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, because of the COVID-19 pandemic and his other medical

1

issues. (Doc. # 199). The United States has responded (Doc. # 202), and the Motion is ripe for review.

## II. Discussion

The United States argues that the Motion should be denied because Williams has failed to meet his burden to demonstrate that extraordinary and compelling reasons exist to support a sentence reduction.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Williams argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No.

2

CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)(citation omitted).

The Government concedes that Williams has exhausted his administrative remedies. (Doc. # 202 at 6). Still, the Court denies the Motion because Williams's circumstances are not extraordinary and compelling.

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Williams bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

Although Williams alleges that he suffers from the underlying health conditions of hypertension, high cholesterol, and "respiration problem[s]" (Doc. # 199 at 1), he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability

3

to care for himself in his facility. See USSG §1B1.13, comment. (n.1). Furthermore, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). While Williams's medical issues may make him more vulnerable to COVID-19, the Court is not convinced that this increased vulnerability is an extraordinary and compelling circumstance under the facts of this case.

While Williams's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020),

4

https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Accordingly, it is hereby

**ORDERED**, **ADJUDGED,** and **DECREED:**

Jeremy Williams's pro se Motion for Compassionate Release or Reduction (Doc. # 199) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of August, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE